**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**MARQUAN ROCHELLE,**

        **Plaintiff,**

**v.**

**CVS CAREMARK,**

        **Defendant.**

**Case No. 14-cv-2473-DDC-TJJ**

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff Marquan Rochelle filed this lawsuit pro se on September 19, 2014 (Doc. 1), alleging that defendant CVS Caremark discriminated against him in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA"). This matter comes before the Court on defendant's Motion to Dismiss (Doc. 9). For the following reasons, the Court grants defendant's motion.

**I.    Factual and Procedural Background**

Plaintiff, an African-American man, brings Title VII claims for race and gender discrimination. He also brings an ADA claim for disability discrimination. He alleges that defendant unlawfully harassed him, reduced his wages, retaliated against him, and ultimately terminated his employment. Plaintiff's Complaint, made on the "Employment Discrimination Complaint" form provided by this Court, contains virtually no factual support for these claims. Paragraph 10 of the form Complaint asks plaintiff to state the essential facts of his claim. In response, plaintiff alleges: "Complain about discrimination to employer, refuse to file complaint, terminated employment." Doc. 1 at ¶ 10. He never identifies any disability and states simply, "Employer did not provid[e] accommodation for my disability." *Id.* at ¶ 13.

1

Plaintiff attaches to his Complaint a Charge of Discrimination that he filed on June 11, 2014, as well as the right-to-sue letter that the EEOC issued in response to this Charge.[1]  His Charge of Discrimination provides some facts about the alleged discrimination, and the Court recites them fully here:

> I was hired on September 30, 2013, as a Customer Service Representative.  On October 8, 2013, I was written up.  On October 9, 2013, I was disciplined for harassing a female co-worker.  On October 18, 2013, I complained about my wages.  On October 23, I complained to management and human resources that my supervisor made disparaging comments about my disability.  On the same day, I was made to work alone while everyone else worked in a group.  On October 25, 2013, I was accused of harassing a female co-worker.  On November 4, 2013, I was discharged.
>
> Management indicated that I was discharged because a female accused me of harassment.
>
> I believe that I was disciplined, harassed and falsely accused of harassing a female co-worker because of my race, black, and sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended; I also believe that I was harassed and discharged because of my disability and in retaliation for complaining, I was discharged.

Doc. 1 at 7.

Defendant filed this motion to dismiss on October 31, 2014.  On December 31, 2014 and January 12, 2015, plaintiff filed Motions to Amend his Complaint (Docs. 17, 19) to which defendant filed a response on January 14, 2015 (Doc. 20).  On February 2, 2015, plaintiff filed a brief both supporting his motions to amend and opposing defendant's motion to dismiss (Doc.

---

[1] Exhaustion of administrative remedies is a jurisdictional prerequisite to bringing a lawsuit in federal court under Title VII and the ADA.  *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309-10, 1317 (10th Cir. 2005).  Because plaintiff filed this lawsuit within 90 days of receiving the right-to-sue letter from the EEOC, he has exhausted his administrative remedies on both his Title VII and ADA claims.  *See Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x 812, 814 (10th Cir. 2012) ("Title VII plaintiffs must clear three procedural hurdles before bringing suit in federal court:  (1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety days of receiving the letter."); *Shikles*, 426 F.3d at 1309 (holding that the procedural requirements of Title VII and the ADA "must be construed identically").  The Court therefore has subject matter jurisdiction over this lawsuit.

21).  On February 27, 2015, Judge James issued an Order (Doc. 24) denying without prejudice plaintiff's motions to amend because plaintiff failed to attach his proposed amended complaint to his motion, as required by D. Kan. Rule 15.1(a)(2).  Plaintiff has not sought to amend his complaint since Judge James' Order.  Defendant has filed a reply in support of its motion to dismiss (Doc. 23), and therefore this motion is ripe for decision.

## II.  Legal Standard

"'[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.'"  *Asebedo v. Kan. State Univ.*, 559 F. App'x 668, 670 (10th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  In *Iqbal* and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), the Supreme Court created "'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'"  *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Although the Court must assume that the factual allegations in the complaint are true, it is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Iqbal*, 556 U.S. at 678 (quotation omitted).  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief.  *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).  Plaintiffs are not required to allege all the elements of a prima facie case of discrimination specifically.  *Asebedo*, 559 F.

App'x at 670.  "Nevertheless, 'the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim.'"  *Id.* (quoting *Khalik*, 671 F.3d at 1192).  "[G]eneral assertions of discrimination and retaliation, without any details whatsoever of events leading up to [the plaintiff's] termination, are insufficient to survive a motion to dismiss.  While specific facts are not necessary, . . . some facts are."  *Khalik*, 671 F.3d at 1193 (brackets and internal quotation marks omitted).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citations omitted).

### III. Analysis

Defendant argues that the Court should dismiss plaintiff's Complaint because it does not provide sufficient factual allegations to state a plausible claim for relief.  The Court agrees.  At the outset, several of plaintiff's allegations are not entitled to the assumption of truth because they are entirely conclusory.  These include his allegations that:  (1) defendant "did not provide accommodation for [his] disability," Doc. 1 at 4; (2) "I believe that I was disciplined, harassed and falsely accused of harassing a female co-worker because of my race, black, and sex, male, in violation of Title VII," *id.* at 7; and (3) "I also believe that I was harassed and discharged because of my disability and in retaliation for complaining," *id*. *Cf. Khalik*, 671 F.3d at 1193 (holding that the plaintiff's allegations that:  "(1) she was targeted because of her race, religion, national origin and ethnic heritage; (2) she was subjected to a false investigation and false criticism; and (3) [the d]efendant's stated reasons for the termination and other adverse

employment actions were exaggerated and false, giving rise to a presumption of discrimination, retaliation, and wrongful termination" were conclusory and not entitled to be taken as true.).

Striking those conclusory allegations leaves the following facts, which the Court accepts as true, *id.*:  (1) plaintiff is an African-American male; (2) on September 30, 2013, defendant hired plaintiff as a Customer Service Representative; (3) on October 8, 2013, plaintiff "was written up," Doc. 1 at 7; (4) on October 9, 2013, defendant disciplined plaintiff for harassing a female co-worker; (5) on October 18, 2013, plaintiff complained about his wages; (6) on October 24, 2013, plaintiff complained to management and human resources that his supervisor made disparaging comments about his disability; (7) on that same day, defendant forced plaintiff to work alone while other employees worked in a group; (8) on October 25, 2013, plaintiff was again accused of harassing a female co-worker; (9) on November 4, 2013, defendant terminated plaintiff's employment; and (10) defendant told plaintiff that it discharged him because a woman accused him of harassment.  The Court also accepts as true plaintiff's allegation that defendant refused to "file a complaint" after he complained about discrimination.  Doc. 1 at ¶ 10.

Neither plaintiff's Complaint nor his Charge of Discrimination contain any facts that even mention racial or gender discrimination, let alone plausibly show that defendant discriminated or retaliated against him on either basis.  Plaintiff alleges that defendant reduced his wages or "refuse[d] to pay" him, but makes no attempt to show a connection between these actions and his race or gender.  The Court therefore dismisses plaintiff's Title VII claims.

Plaintiff does allege that he complained to management and human resources that his supervisor had made disparaging comments about his disability.  But he never identifies his disability or specifies what his supervisor actually said.  Plaintiff argues that defendant harassed him based on his disability but pleads no facts showing how defendant harassed him or that the

harassment was so "severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." *Benavides v. City of Okla. City*, 508 F. App'x 720, 723 (10th Cir. 2013). Nor do his pleadings contain facts showing a causal connection between his disability and his ultimate termination. Finally, plaintiff's claim that defendant retaliated against him based on his disability also fails. Plaintiff alleges that defendant forced him to work alone on the same day he complained to management about his supervisor's comment about his disability. But plaintiff pleads no facts that plausibly demonstrate that "a causal connection existed between the protected activity" and defendant's action, an element of a retaliation claim. *Proctor v. United Parcel Serv.*, 502 F.3d 1200, 1208 (10th Cir. 2007) (quotation omitted). For these reasons, the Court dismisses plaintiff's ADA claims.

"'Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'" *Asebedo*, 559 F. App'x at 673 (quoting *Iqbal*, 556 U.S. at 678-79). Because plaintiff supports his claims with little more than conclusions, the Court grants defendant's motion and dismisses plaintiff's claims without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 9) is granted.

**IT IS SO ORDERED.**

**Dated this 8th day of June, 2015, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**