IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARQUAN ROCHELLE,**

    **Plaintiff,**

**v.**

**CVS CAREMARK,**

    **Defendant.**

**Case No. 14-cv-2473-DDC-TJJ**

## MEMORANDUM AND ORDER

On July 16, 2015, the Court issued an order directing plaintiff Marquan Rochelle to submit his motion to appeal *in forma pauperis* in a format the Court could access no later than August, 5, 2015 (Doc. 31). As the Court outlined in that order, plaintiff had attempted to file such a motion on July 10, 2015, but the Court had been unable to open the digital file containing it.

On July 21, 2015, Mr. Rochelle faxed his motion to the Clerk of the Court's office (Doc. 32). The motion states, in its entirety:

> Motions For Extension to Appeal in Permission Forma Pauperis
>
> Requesting the court motion to file appeal form within the 30 day limit.
> Civil action No. 14-2473-DDC-TJJ
>
> July 9, 2015.
>
> S/Marquan Rochelle

Doc. 32 at 1. The Court construes Mr. Rochelle's motion as asking for two forms of relief: (1) permission to file his appeal *in forma pauperis*; and (2) an extension of time to file his notice of appeal.

1

First, the Court grants plaintiff's motion to file his appeal *in forma pauperis*. Under Federal Rule of Appellate Procedure 24(a)(3):

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding; or
>
> (B) a statute provides otherwise.

Fed. R. App. P. 24. The Court granted Mr. Rochelle's motion to proceed *in forma pauperis* in this case on September 26, 2014 (Doc. 6). The Court lacks any reason to think that Mr. Rochelle does not seek to appeal in good faith, that he is not otherwise entitled to proceed *in forma pauperis*, or that another statute requires him to again receive authorization to proceed *in forma pauperis*. As a result, the Court grants Mr. Rochelle's motion to the extent he wishes to file his notice of appeal *in forma pauperis*.

Second, the Court construes Mr. Rochelle's motion as asking for an extension of time to file his notice of appeal. In a civil case, the notice of appeal generally "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a); *see also* 28 U.S.C. § 2107 (requiring a notice of appeal of a civil judgment to be filed within thirty days of judgment). "The district court, however, may extend the time upon a showing of 'excusable neglect or good cause,' if a party moves for an extension no later than thirty days after the appeal time has expired." *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004) (quoting Fed. R. App. P. 4(a)(5)(A)).

Mr. Rochelle filed his motion for extension well within 30 days after the time for appeal expired. In this case, August 10, 2015 is 30 days after Mr. Rochelle's time for appeal expired,

2

*see* Fed. R. App. 26(a)(1), and he filed his motion for extension on July 21, 2015.  But the Court denies Mr. Rochelle's motion because he fails to make any showing of "excusable neglect or good cause" for needing an extension.  Fed. R. App. P. 4(a)(5)(A).  Mr. Rochelle bears the burden of demonstrating excusable neglect or good cause.  *See Bishop*, 371 F.3d at 1207.  Because his motion, in its current form, contains no argument about either excusable neglect or good cause, the Court cannot grant plaintiff's motion for extension.

Nevertheless, Mr. Rochelle may file another motion for extension of time that corrects the deficiencies identified in this order.  Specifically, he must show either excusable neglect for failing to file his notice of appeal in a timely fashion or good cause for why he did not do so.  The Court also reminds Mr. Rochelle that he still must comply with the time deadlines in Rule 4(a)(5)(A).  As a result, if Mr. Rochelle again chooses to seek an extension, he must file his motion no later than August 10, 2015.  *See* Fed. R. App. P. 4(a)(5)(A); Fed. R. App. P. 26(a)(1).

**IT IS SO ORDERED.**

**Dated this 24th day of July, 2015, at Topeka, Kansas.**

                                              s/ Daniel D. Crabtree
                                              **Daniel D. Crabtree**
                                              **United States District Judge**