IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MARQUAN ROCHELLE,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**CVS CAREMARK,**<br><br>       **Defendant.** | **Case No. 14-cv-2473-DDC-TJJ** |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Marquan Rochelle's Second Motion for Extension of Time to File Appeal and to Appeal *in forma pauperis* (Doc. 35). On June 8, 2015, the Court issued a Memorandum and Order dismissing plaintiff's claims in this lawsuit (Doc. 28). The next day, June 9, the Court entered a judgment in favor of defendant CVS Caremark (Doc. 29), posturing the case for a possible appeal.

On July 10, 2015, plaintiff attempted to file a motion to appeal *in forma* pauperis by email, but the staff of the Clerk of the Court was unable to open the digital file plaintiff had attached to his email. Therefore, the Court issued an order on July 16, 2015, directing plaintiff to submit his motion to appeal *in forma pauperis* in a format the Clerk could access no later than August 5, 2015 (Doc. 31).

On July 21, 2015, plaintiff faxed a motion to the Clerk of the Court's office (Doc. 32), which the Court construed to seek two forms of relief: (1) permission to file his appeal *in forma pauperis*; and (2) an extension of time to file his notice of appeal (Doc. 33 at 1). On July 24, 2015, the Court granted plaintiff's motion to file his appeal *in forma pauperis* (Doc. 33 at 2). But the Court denied plaintiff's motion for extension of time to file his notice of appeal because

1

he had failed to make any showing of "excusable neglect or good cause" for needing an extension, as required by Fed. R. App. P. 4(a)(5)(A) (Doc. 33 at 3).  The Court mitigated the effect of this ruling, however, by giving plaintiff another opportunity to file a motion for extension of time that complies with Rule 4(a)(5)(A).  *Id.*  The Court also instructed plaintiff that Rule 4 requires him to show either excusable neglect for failing to file his notice of appeal in a timely fashion or good cause for why he did not do so.  *Id.*  The Court ordered plaintiff to file a motion for extension of time conforming with Rule 4, no later than August 10, 2015.  *Id.*

The Court mailed a copy of the July 24, 2015 Memorandum and Order to plaintiff via certified mail (Doc. 34).  The Court received a signed certified mail receipt on July 27, 2015, bearing what appears to be plaintiff's name on the signature line (Doc. 34 at 1).

On August 31, 2015, plaintiff sent an email to the Clerk of the Court's office with a document titled "Motion for Extension to Appeal in Permission Forma Pauperis" (Doc. 35).  The motion states in its entirety:

> Motion for Extension to Appeal in Permission Forma Pauperis
>
> Preview Is Motion:
>
> Requesting the court motion to file appeal form within the 30 day limit. Civil action No. 142473DDCTJJ
>
> July 9, 2015.
>
> S/Marquan Rochelle
>
> MEMORANDUM AND ORDER file for extensions no later than Aug.10 2015. Around July 15, 2015 lost access to computer/internet/mailbox [due] to financial situation, I'm receiving this letter now as of Aug.31 2015, impossible to respond within time frame to letter I did not receive on time. "reason of good cause" to file notice for Extension to Appeal in Permission Forma Pauperis.
>
> Asking the court Motion for Extension to Appeal in Permission Forma Pauperis.

Doc. 35 at 1.

The Court again construes plaintiff's motion as one asking for two forms of relief: (1) permission to file his appeal *in forma pauperis*; and (2) an extension of time to file his notice of appeal. As noted above, the Court has already granted plaintiff's motion to proceed *in forma pauerpis* (Doc. 33 at 2). Thus, his first request is moot.

Plaintiff's second request is governed by Fed. R. App. P. 4(a)(5)(A), which permits the district court to "extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause."

Plaintiff has satisfied the first requirement. Rule 4(a)(5)(A)(i) establishes a 30-day grace period for seeking an extension of time to file a notice of appeal after the time for filing such a notice has expired. *See Oda v. Transcon Lines Corp.*, 650 F.2d 231, 233 (10th Cir. 1981) (holding failure to file a motion for extension of time before 30-day grace period expires divests the district court of jurisdiction to grant an order extending the time for filing a notice of appeal). The 30-day grace period expires 30 days after the appeal period runs. Fed. R. App. P. 4(a)(5)(A)(i). Here, the Court entered judgment on July 9, 2015. The 30 day appeal period ran on August 10, 2015,[1] and the 30-day grace period under Fed. R. App. P. 4(a)(5)(A)(i) expired on September 9, 2015. Plaintiff filed his Second Motion for Extension of Time to File Appeal on August 31, 2015, within the 30-day grace period.

The Court must determine now whether plaintiff meets the second requirement of showing excusable neglect or good cause to extend the time for filing a notice of appeal. Plaintiff asserts here that "good cause" exists to grant his motion for extension of time. The

---

[1] Thirty days from the entry of judgment was Saturday, August 8, 2015. Because this date fell on a Saturday, the time for filing an appeal expired on the following business day which was Monday, August 10, 2015. Fed. R. Civ. P. 6(a)(1)(C).

3

Tenth Circuit has described the concept of "good cause" as "'tak[ing] account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inaposite.'" *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004) (quoting *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000)).  Good cause exists "'in situations in which there is no fault—excusable or otherwise.  In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.'" *Id.* (quoting Fed. R. App. P. 4(a)(5) advisory committee's note to 2002 amendments).

      Plaintiff claims that he lost access to a computer, internet, and mailbox around July 15, 2015, and therefore he did not receive the Court's July 24, 2015 Memorandum and Order directing him to file a conforming motion for extension of time no later than August 10, 2015, until August 31, 2015.  Accepting plaintiff's assertions as true, the Court concludes plaintiff has demonstrated good cause.  The Court declines to find plaintiff at fault for failing to comply with an order that he did not receive until after the deadline contained in that order expired.  *See Thomas v. Butts*, 745 F.3d 309, 311–12 (7th Cir. 2014) (explaining district court granted extension of time to file notice of appeal because plaintiff had problems with the mail and lacked access to the law library thereby "'show[ing] excusable neglect or good cause'" (quoting Fed. R. App. P. 4(a)(5)(A)(ii))).  While one reasonably could question whether plaintiff lacked access to the mail, *i.e.*, plaintiff received the certified mail receipt appearing to contain plaintiff's signature (Doc. 34), the Court nevertheless gives plaintiff the benefit of the doubt that he did not, in fact, receive the Court's July 24, 2015 Memorandum and Order until August 31, 2015.  The Court thus finds good cause to grant plaintiff an extension of time to file an appeal.

      Fed. R. App. P. 4(a)(5)(C) establishes the time that the Court may grant plaintiff to file a notice of appeal:  "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed

time or 14 days after the date when the order granting the motion is entered, whichever is later." Here, 30 days after the prescribed time was September 9, 2015, and that time is past. Therefore, under Fed. R. App. P. 4(a)(5)(C), the Court may grant plaintiff only an additional 14 days after this order is entered to file his notice of appeal. Following that rule, the Court grants plaintiff an extension of time to file his notice of appeal within 14 days of the date of this order, **on or before October 6, 2015.**

**The Court cautions plaintiff: He must file his notice of appeal no later than 14 days after the Court enters this order, that is, the October 6, 2015 deadline. The Court has no authority to order any additional extensions of time for plaintiff to accomplish this filing.** Fed. R. App. P. 26(b)(1) "expressly prohibits extensions of time for filing notice of appeal beyond the time limits set out in [Rule 4]." *Certain Underwriters at Lloyds of London v. Evans*, 896 F.2d 1255, 1257 (10th Cir. 1990) (citations omitted). Rule 4's time limits do not allow any extensions of time beyond the deadline established by this order. *See* Fed. R. App. P. 4(a)(5)(C) ("*No extension* under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." (emphasis added)).

The Court advises plaintiff that "an appellate court acquires jurisdiction of an appeal only upon the timely filing of a notice of appeal." *Evans*, 896 F.2d at 1256 (citations omitted). Therefore, plaintiff must file his notice of appeal within the time prescribed by this order for an appellate court to acquire jurisdiction. Otherwise, plaintiff will lose his appeal right. To assist plaintiff in preparing a notice of appeal, the Court is providing a copy of "Form 1. Notice of Appeal to a Court of Appeals From a Judgment or Order of a District Court" from the Federal Rules of Appellate Procedure as an attachment to this order.

**IT IS THEREFORE ORDERED** that plaintiff's Second Motion for Extension of Time to File Appeal and to Appeal *in forma pauperis* (Doc. 35) is granted.  Plaintiff shall have an additional fourteen days from the date of this order, **until October 6, 2015,** to file a notice of appeal with this court.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2015, at Topeka, Kansas.

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**